J-S31027-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RONALD G. VOID | : | |
| | : | |
| Appellant | : | No. 1499 EDA 2023 |

Appeal from the PCRA Order Entered April 21, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008879-2015

BEFORE: BOWES, J., McLAUGHLIN, J., and BECK, J.

MEMORANDUM BY McLAUGHLIN, J.:      **FILED NOVEMBER 22, 2024**

Ronald G. Void appeals *pro se* from the order dismissing his Post Conviction Relief Act ("PCRA") petition. ***See*** 42 Pa.C.S.A. §§ 9541-9546. He filed the petition after the one-year PCRA deadline and failed to establish an exception to the time-bar. We therefore affirm.

In October 2016, Void pleaded guilty to third-degree murder and firearms not to be carried without a license.[1] That same month, the court imposed an aggregate sentence of 20 to 40 years' incarceration.[2] Void did not file a direct appeal.

_____

[1] 18 Pa.C.S.A. §§ 2502(c) and 6106(a)(1), respectively.

[2] The court initially sentenced Void to 20 to 45 years' incarceration for the third-degree murder conviction based on the plea agreement, but subsequently realized the sentence was illegal and resentenced him to 20 to 40 years' imprisonment for the conviction.

Void filed two previous PCRA petitions, which were dismissed. He filed the instant PCRA petition, his third, in March 2023. The court filed notice of its intent to dismiss the petition without a hearing. Void filed a response. In April 2023, the court dismissed the petition. Void filed a notice of appeal.

Void raises the following issue:

> I. Did the PCRA court err in finding, without benefit of a hearing, that Mr. Void was not entitled to relief on his newly-discovered evidence claim that [Detective Philip] Nordo had a history of misconduct that was not disclosed by the Commonwealth violating his constitutional rights under the Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States, and Pa. Const. art. I, § 9?

Void's Br. at 5.

Void maintains that a December 2022 news article reported that the detective in his case—Philip Nordo—had been found guilty of raping and sexually assaulting witnesses and informants and was sentenced to 24½ to 49 years' incarceration. He alleges the Commonwealth was aware of information concerning Nordo's misconduct before Void accepted the guilty plea but did not disclose it. Void claims Nordo "intimidated, threatened, and coerced him[] and . . . his grandmother Rhea Cannon, into signing false statements implicating him in this murder." **Id.** at 7. He further argues that Nordo and another detective, Nathaniel Williams, engaged in unlawful tactics by failing to read him his **Miranda** warnings and telling him a prosecutor had agreed he could go home after signing the statements the detectives prepared. **Id.** He maintains he is a "severely mentally disabled individual," and that the detectives' misconduct, combined with his severe mental

- 2 -

disorders, made his plea involuntary, unknowing, and unintentional. *Id.* at 6, 7. He further argues that all prior counsel were ineffective for failing to raise these claims.

Void maintains that the Commonwealth knew as early as 2005 that Nordo had committed serious misconduct that required disclosure under *Brady*.[3] He cites cases where convictions were overturned following disclosure of Nordo's misconduct. He argues that evidence of such misconduct should have been disclosed to the defense, as it "is both impeaching and potentially exculpatory." *Id.* at 18.

Void argues he could not have learned of the newly-discovered facts by using reasonable diligence. He points out that he has been incarcerated since 2015, with "no way of learning prior to Nordo's termination from the [Philadelphia Police Department], arrest, and conviction that Nordo had a significant misconduct history." *Id.* at 20. He notes that Nordo's misconduct did not become known to the public until 2017, when Nordo was criminally charged and fired from the police department.

On appeal from the denial or grant of relief under the PCRA, our review is limited to determining "whether the PCRA court's ruling is supported by the record and free of legal error." *Commonwealth v. Presley*, 193 A.3d 436, 442 (Pa.Super. 2018) (citation omitted).

---

[3] *See Brady v. Maryland*, 373 U.S. 83 (1963).

The PCRA's time limits require a petitioner to file any petition seeking PCRA relief within one year after the judgment of sentence becomes final unless a statutory exception to the one-year rule applies. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* at § 9545(b)(3).

The timeliness exceptions are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at. § 9545(b)(1)(i)-(iii). The petitioner must raise any claim to one of the exceptions within one year of the date that the claim could have been presented. *Id.* at § 9545(b)(2).

Here, Void's 2023 PCRA petition was filed more than one year after the expiration of his time to file a direct appeal from his 2016 conviction. It therefore was facially untimely, and Void bore the burden of adequately pleading in his PCRA petition one of the time-bar exceptions.

- 4 -

Void failed to properly plead any exception to the time-bar. He used a form PCRA petition and attached to it a memorandum ("Memorandum") setting forth factual allegations and argument. The Memorandum was a continuation of the form petition. *See* PCRA Petition, filed Mar. 8, 2023, Memorandum at 1 ("Continued from p. 8, ¶ 15 of the PCRA petition").

In the section of the form petition addressing the time-bar exceptions, Void checked a box indicating that he was asserting the new facts exception. *See id.* at 3, ¶ 5(ii). He alleged that "the following facts were previously unknown" to him:

> Detective[s] Philip N[o]rdo and Nathaniel Williams have a pattern of fabricating evidence, falsifying reports, coercion, threatening, and beating witnesses into signing false reports, coercion, threatening, and beating witnesses into signing false statements in other homicide cases, as they did in my case. This is evidenced by N[o]rdo's conviction on Friday, December 17, 2022.

PCRA Petition, filed Mar. 8, 2023, at 3, ¶ 5(ii) (unnecessary capitalization removed).[4] Void did not check a box for any other time-bar exception.

In the Memorandum attached to the petition, he stated he was filing the petition "under the newly-discovered facts exception." *See* Memorandum at 2. The Memorandum did not mention the governmental interference exception

---

[4] *See also id.* at 4, ¶ 6(A) ("I found out, with help with a legal assistant at the prisons library, that Detective Philip Nardo and Nathaniel Williams have a pattern of fabricating evidence, falsifying reports, coercion, threatening, and beating witnesses into signing false statements in other homicide cases, as they did in my case, and read a news article that came out on Friday, December 17, 2022, that Detective Nordo was convicted and sentenced to 24½ to 49 years for sexually assaulting witnesses and informants in other murder cases.").

by name. It did allege that the Commonwealth "suppressed" information about Nordo's misconduct. ***Id.*** at 4.

Factually, Void alleged in the form petition that Nordo had coerced a statement from his grandmother.[5] ***See id.*** at 4, ¶¶ 6(B), (C). In the Memorandum, he added that the detectives had allegedly coerced his confession. ***See*** Memorandum at 5.

Void's assertion of the new facts exception lacks merit. The newly-discovered facts exception requires a petitioner to demonstrate that the facts upon which the claim is predicated were not previously known to him and could not have been ascertained through due diligence. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1271 (Pa. 2007).

Although Void alleged in his petition that he did not previously know about Nordo's and Williams' pattern of misconduct, he did not allege any reason he could not have ascertained the information with the exercise of due diligence. He therefore failed to properly plead the exception. Indeed, in his brief to this Court, Void acknowledges that Nordo's misconduct became public in 2017 and Williams was arrested in 2019, but he did not plead facts that, if true, show he could not have learned the information through due diligence. ***See*** Void's Br. at 21. Although the public record presumption does not apply in these circumstances, Void still was required to meet the due diligence

---

[5] ***See id.*** at 4, ¶ 6(B) ("Rhea Cannon, a main witness in the Commonwealth[']s case against me, told me she was also forced, threatened, coerced, by Detective Williams and Detective Nardo, the lead homicide detectives in my case, into signing her statements.").

requirement. ***See Commonwealth v. Burton***, 158 A.3d 618 (Pa. 2017) (holding that public record cannot presumption does not apply to *pro se* petitioners who are incarcerated, but stating that such petitioners must still plead and prove that the facts at issue were unknown to the petitioner and not ascertainable by the exercise of due diligence."). He has not done so here. To the extent Void's allegations of coerced statements and the withholding of information could be construed as an assertion of the governmental interference exception, any such claim likewise fails. That exception also entails a due-diligence element, and Void did not plead it. ***See Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1268 (Pa. 2008). Accordingly, Void has not shown that the PCRA court erred in dismissing his petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/22/2024